THE LAW OFFICES OF RANDOLPH H. GOLDBERG
RANDOLPH H. GOLDBERG, ESQ.
BAR NO. 5970
4000 S. Eastern Avenue, Suite 200
Las Vegas, NV 89119
(702) 735-1500
Fax: (702) 735-0505
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**CRAIG ROSENSTEIN &**<br>**AUDREY ROSENSTEIN**<br><br>Debtor(s). | Chapter 13 Proceedings<br>Case No.: BK-S-09-30238-BAM<br><br>Date: 1/07/2010<br>Time: 2:30 p.m. |

## MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF AMERICAS SERVICING CO(SECOND MORTGAGE) PURSUANT TO 11 U.S.C. §506(a) AND §1322

Comes Now the Debtors, **CRAIG & AUDRY ROSENSTEIN** (hereinafter the "debtors"), by and through THE LAW OFFICES OF RANDOLPH H. GOLDBERG, and respectfully move this Court pursuant to 11 U.S.C. §506(a), and §1322, and Bankruptcy Rules 3012 and 9014.

### STATEMENT OF FACTS

1. Debtors filed the instant Chapter 13, Case Number **09-30238** on **OCTOBER 27, 2009.**

2. As of the date of filing, debtors owned real property located at **6953 GRAND JUNCTION AVE LAS VEGAS, NEVADA 89179** (hereinafter the "Subject Property").

3. Debtors have obtained a residential appraisal that places the value of the subject property at **$220,000.00**.

-1-

4. At the time of filing the instant petition, the Subject Property was subject to the following liens:

**AMERICAS SERVICING CO (First Mortgage): $367,264.00**

**AMERICAS SERVICING CO (Second Mortgage): $90,816.00**

5. Therefore, on the date the instant bankruptcy was filed, no equity existed in the Subject Property above the claims of **AMERICAS SERVICING CO.**

6. **AMERICAS SERVICING CO's** claim was wholly unsecured on the petition date and if the Subject Property was sold at auction **AMERICAS SERVICING CO** would receive nothing.

7. Accordingly, the debtors request that Your Honor find that **AMERICAS SERVICING CO's** claim is unsecured and should be reclassified as a general unsecured claim to receive pro rata with other general unsecured creditors through the debtors' chapter 13 plan.

## LEGAL ARGUMENT

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursunt to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2). Specifically, the Court held:

> Section 506(a) divides creditors' claims into "secured...claims" and "unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, §506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has

-2-

an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. To put it more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on property will be considered a "secured claim." Here, it is plain that **AMERICAS SERVICING CO's** claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Accordingly, since **AMERICAS SERVICING CO's second** mortgage claim is wholly unsecured (in that there is no extant equity above the first mortgage in the Subject Property), the claim should be reclassified by this Court as a general unsecured claim and share in whatever pro rata distribution is being received. **AMERICAS SERVICING CO** should also be stripped of its secured rights under Nevada State Law since no maintainable security interest in the subject property exists.

Furthermore, the Debtors are not required to file an adversary proceeding to strip the lien of its secured status. Debtors may "strip off" **AMERICAS SERVICING CO's** consensual lien by motion. See *In re Williams*, 166 B.R. 615 (Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins*, 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King*, 290 B.R. 641 (Bankr.C.D.Ill. 2003), *In re Millspaugh*, 302 B.R. 90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill*, 304 B.R. 800 (Bankr.S.D.Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher*, 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,313 B.R. 545 (Bankr.N.D.N.Y.2004)*, *In re Bennett*, 312 B.R. 843 (Bankr.W.D.Ky.2004).

## CONCLUSION

Debtors respectfully request that the court:

1. Determine that the first mortgage on the subject property exceeds the value;

2. Determine that the **AMERICAS SERVICING CO second** mortgage claim is a wholly unsecured claim and strip the lien from the subject property pursuant to 11 U.S.C. Section 506(a);

3. Reclassify the secured claim filed by **AMERICAS SERVICING CO** as a general unsecured claim to be paid pro rata in the general unsecured pool of Debtors' Chapter 13 Plan.

4. For such other and further relief which the Court deems just and proper.

DATED this 4 of DECEMBER, 2009.

        THE LAW OFFICES OF
        RANDOLPH H. GOLDBERG

        By: <u>/s/RANDOLPH GOLDBERG/s/</u>
        RANDOLPH H. GOLDBERG, ESQ.
        4000 S. Eastern Avenue, Suite 200
        Las Vegas, Nevada 89119
        Attorney for Debtors

# Appraisal Report

## SUBJECT

| Field | Value |
|---|---|
| Property Address | 6953 Grand Junction Avenue |
| City | Las Vegas |
| State | NV |
| Zip Code | 89179 |
| Owner | ROSENSTEIN |
| County | Clark |
| Legal Description | Chaco Canyon At Mountains Edge-Unit 1(B) |
| Assessor's Parcel # | 176-34-810-061 |
| Tax Year | 08/09 |
| R.E. Taxes $ | 3,424.33 |
| Neighborhood Name | Mountains Edge |
| Map Reference | 75-76-5H/Front Boy |
| Census Tract | 0058.16 |
| Occupant | [X] Owner [ ] Tenant [ ] Vacant |
| Special Assessments $ | None |
| PUD | [X] HOA $ 11.00 [ ] per year [X] per month |
| Property Rights Appraised | [X] Fee Simple [ ] Leasehold [ ] Other (describe) None |

Intended Use: Provide the current market value of the subject property for evaluation in a bankruptcy court filing.

Intended User: BANKRUPTCY/JUDGE/COURT

Client: Randolph H. Goldberg, Esq., P.C.

Address: 4000 S. Eastern Avenue, Suite 200, Las Vegas, NV 89119

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? [ ] Yes [X] No

Report data source(s) used, offering price(s), and date(s): MLS

## CONTRACT

[ ] I did [X] did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed. N/A

Contract Price $ N/A   Date of Contract N/A   Is the property seller the owner of public record? [ ] Yes [ ] No   Data Source(s) N/A

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? [ ] Yes [ ] No

If Yes, report the total dollar amount and describe the items to be paid. N/A

## NEIGHBORHOOD

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Location | [ ] Urban [X] Suburban [ ] Rural |
| Built-Up | [ ] Over 75% [X] 25-75% [ ] Under 25% |
| Growth | [ ] Rapid [X] Stable [ ] Slow |
| Property Values | [ ] Increasing [ ] Stable [X] Declining |
| Demand/Supply | [ ] Shortage [ ] In Balance [X] Over Supply |
| Marketing Time | [ ] Under 3 mths [ ] 3-6 mths [X] Over 6 mths |

One-Unit Housing: PRICE $(000) Low 90, High 9,500, Pred. 210*; AGE (yrs) New, 36, Pred. 1-4*

Present Land Use %: One-Unit 50%, 2-4 Unit 0%, Multi-Family 5%, Commercial 20%, Other 25%

Neighborhood Boundaries: Boundaries are defined as Blue Diamond Road on the north, the I-15 freeway on the east, the mountains on the south and the mountains on the west.

Neighborhood Description: The subject neighborhood is comprised of a compatible mixture of recently constructed, tract style residential subdivisions, custom built homes situated on 1/2 acre and larger sites, recently constructed condominium developments and apartments, public schools and commercial support services located along major arterial streets.

Market Conditions (including support for the above conclusions): Home values and market conditions including supply/demand, current listings and average days on the market appear to have recently stabilized within the subject's neighborhood as well as many neighborhoods in the Las Vegas Valley market. Home lending is substantive and interest rates are generally stabilized.

## SITE

| Dimensions | 50' x 100' (Plat Map) |
| Area | 4,792 sf (C.R.) |
| Shape | Rectangle |
| View | Residential |
| Specific Zoning Classification | R-E |
| Zoning Description | Rural Estates with a ROI-1313-02 |
| Zoning Compliance | [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe) N/A |

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No If No, describe. The subject property is legally permissible, physically possible, financially feasible and maximally productive "As-Is" with improvements.

| Utilities | Public | Other (describe) | | Public | Other (describe) |
|---|---|---|---|---|---|
| Electricity | [X] | 200 CL | Water | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | |

Off-site Improvements—Type: Public [X] Private [ ]
Street: Asphalt
Alley: None

FEMA Special Flood Hazard Area [ ] Yes [X] No  FEMA Flood Zone X  FEMA Map # 32003C 2925D (*)  FEMA Map Date 12/04/2007

Are the utilities and/or off-site improvements typical for the market area? [X] Yes [ ] No If No, describe. N/A

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? [ ] Yes [X] No If Yes, describe. The subject has a conforming site with typical utility easements. No adverse site conditions or external factors are noted.

(*) Regular Program / Participating Community

Source(s) Used for Physical Characteristics of Property: [X] Appraisal Files [X] MLS [X] Assessment and Tax Records [ ] Prior Inspection [ ] Property Owner [X] Other (describe) County Assessor records

Data Source(s) for Gross Living Area: County Assessor records

## IMPROVEMENTS

| General Description | | Exterior Description | | Heating / Cooling | | Amenities | | Car Storage | |
|---|---|---|---|---|---|---|---|---|---|
| Units | [X] One [ ] One with Accessory Unit | Concrete Slab [X] Crawl Space [ ] | | [X] FWA [ ] HWBB | | Fireplace(s) # 0 | | None [ ] | |
| # of Stories | Two | Full Basement [ ] Finished [ ] | | Radiant [ ] | | Woodstove(s) # 0 | | Driveway # of Cars 2 | |
| Type | [X] Det. [ ] Att. [ ] S-Det/End Unit | Partial Basement [ ] Finished [ ] | | Other None | | [X] Patio/Deck Yes | | Driveway Surface Concrete | |
| [X] Existing [ ] Proposed [ ] Under Const. | | Exterior Walls Frame/Stucco | | Fuel Gas | | [X] Porch Yes | | [X] Garage # of Cars 2 | |
| Design (Style) | 2 story/Traditional | Roof Surface Concrete Tile | | [X] Central Air Conditioning | | Pool None | | Carport # of Cars 0 | |
| Year Built | 2005 | Gutters & Downspouts None | | Individual [X] | | [X] Fence Yes | | [X] Attached [ ] Detached | |
| Effective Age (Yrs) | 3 +/- | Window Type Aluminum Slider | | Other None | | Other None | | [X] Built-in | |

Appliances: [ ] Refrigerator [X] Range/Oven [X] Dishwasher [X] Disposal [ ] Microwave [ ] Washer/Dryer [X] Other (describe) Hood/Fan

Finished area above grade contains: 8 Rooms   4 Bedrooms   2.75 Bath(s)   2,958 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.): No special energy efficient items are noted.

Describe the condition of the property and data source(s) (including apparent needed repairs, deterioration, renovations, remodeling, etc.): The subject was rated to be in good overall condition on the date of inspection based on an exterior-only inspection from the street, physical observations from the street, information in County Assessor records and information in MLS records (if available).

* These figures represent the predominant value and age of bank foreclosure/liquidation type sales of homes from within the subject's subdivision due to varying age and price levels in the subject neighborhood.

Are there any apparent physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? [ ] Yes [X] No If Yes, describe: No apparent physical deficiencies or adverse conditions are noted that would affect the livability, soundness or structural integrity of the subject property based on an exterior-only inspection from the street.

Standard Metropolitan Statistical Area #29820, Clark County Code 003

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? [X] Yes [ ] No If No, describe: The subject property generally conforms to the neighborhood regarding functional utility, style, condition, use and construction.

NL - Exterior-Only 5/2007   This form may be reproduced unmodified without written permission, however, Bradford Technologies, Inc. must be acknowledged and credited.

ClickFORMS Appraisal Software 800-622-8727   Page 1 of 13

# Exterior-Only Inspection Residential Appraisal Report

File No. 17634810061

There are 89 comparable properties currently offered for sale in the subject neighborhood ranging in price from $159,500 to $685,995
There are 309 comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $144,375 to $1,200,000

| FEATURE | SUBJECT | COMPARABLE SALE #1 | | COMPARABLE SALE #2 | | COMPARABLE SALE #3 | |
|---|---|---|---|---|---|---|---|
| Address | 6953 Grand Junction Avenue Las Vegas, NV 89179 | 11140 Hickory Glen Street Las Vegas, NV 89179 | | 7178 Los Banderos Avenue Las Vegas, NV 89179 | | 10945 Cherokee Landing St. Las Vegas, NV 89179 | |
| Proximity to Subject | | 0.04 mile SE | | 0.25 mile SW | | 0.45 mile NW | |
| Sale Price | $ N/A | $ 225,000 | | $ 245,000 | | $ 217,000 | |
| Sale Price/Gross Liv. Area | $ N/A sq. ft. | $ 76.06 sq. ft. | | $ 81.05 sq. ft. | | $ 77.89 sq. ft. | |
| Data Source(s) | | MLS/County Records | | MLS/County Records | | MLS/County Records | |
| Verification Source(s) | | | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sale or Financing Concessions | | FHA No Concessions | | FHA No Concessions | | FHA No Concessions | |
| Date of Sale/Time | | COE 2/10/09 | Closed | COE 3/25/09 | Closed | COE 5/15/09 | Closed |
| Location | Chaco Canyon | Chaco Canyon | | Chaco Canyon | | Chaco Canyon | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 4,792 sf/Avg. | 6,534 sf/Avg. | -10,000 | 7,405 sf/Avg. | -10,000 | 6,098 sf/CRN | -10,000 |
| View | Residential | Residential | | Residential | | Residential | |
| Design (Style) | 2 sty/Traditional | 2 sty/Traditional | | 2 sty/Traditional | | 2 sty/Traditional | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 4 years | 3 years | 0 | 3 years | 0 | 2 years | 0 |
| Condition | Good | Good | | Good | | Good | |
| Above Grade Room Count | Total 8 / Bdrms 4 / Baths 2.75 | Total 8 / Bdrms 4 / Baths 2.75 | | Total 8 / Bdrms 4 / Baths 2.75 | | Total 8 / Bdrms 4 / Baths 2.50 | +2,500 |
| Gross Living Area | 2,958 sq. ft. | 2,958 sq. ft. | | 3,023 sq. ft. | 0 | 2,786 sq. ft. | +2,500 |
| Basement & Finished Rooms Below Grade | N/A N/A | N/A N/A | | N/A N/A | | N/A N/A | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA/Refrigtn. | FWA/Refrigtn. | | FWA/Refrigtn. | | FWA/Refrigtn. | |
| Energy Efficient Items | Typical | Typical | | Typical | | Typical | |
| Garage/Carport | Garage-2 | Garage-2 | | Garage-3 | -5,000 | Garage-2 | |
| Porch/Patio/Deck | Porch&Patio | Superior | -1,500 | Superior | -1,000 | Inferior | +1,500 |
| | No Fireplace | No Fireplace | | 1 Fireplace | -2,000 | No Fireplace | |
| | Ldscp&Onsites | Inferior | +1,500 | Similar | | Inferior | +1,500 |
| | Upgrds&Feats | Similar | | Inferior | +5,000 | Inferior | +5,000 |
| Net Adjustment (Total) | | [+] [X] - | $ -10,000 | [+] [X] - | $ -13,000 | [X] + [ ] - | $ 3,000 |
| Adjusted Sale Price of Comparables | | Net Adj: -4% Gross Adj: 6% | $ 215,000 | Net Adj: -5% Gross Adj: 9% | $ 232,000 | Net Adj: 1% Gross Adj: 11% | $ 220,000 |

[X] did [ ] did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data source(s) MLS, County Records

My research [X] did [ ] did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data source(s) MLS, County Records

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No sales during the previous 3 years | 7/23/08 | 6/05/08 | 12/26/08 |
| Price of Prior Sale/Transfer | | $345,000 | $302,021 | $238,500 |
| Data Source(s) | MLS, County Records | MLS, County Records | MLS, County Records | MLS, County Records |
| Effective Date of Data Source(s) | 5/19/09 | 5/19/09 | 5/19/09 | 5/19/09 |

Analysis of prior sale or transfer history of the subject property and comparable sales No prior sales or transfers are noted for the subject property during the previous 3 years. Sale #1's prior sale for $345,000 on 7/23/08 represents a trust deed foreclosure sale and appears to be measurably above market levels at the time of sale. Sale #2's prior sale for $302,021 on 6/05/08 represents a trust deed foreclosure sale and appears to be above market levels at the time of sale. Sale #3's prior sale for $238,500 on 12/26/08 represents a trust deed foreclosure sale and appears to be at market levels at the time of sale.

Summary of Sales Comparison Approach Sale #1 is a bank foreclosure/liquidation type sale of the same floor plan as compared to the subject which is located from within the subject's subdivision by observation from the street and County Assessor records. Sale #2 is also a bank foreclosure/liquidation type sale of a similar, substitute type floor plan as compared to the subject which is also located from within the subject's subdivision. Sale #3 is also a bank foreclosure/liquidation type sale of a reasonably similar, substitute type floor plan as compared to the subject which is also located from within the subject's subdivision. All sales cited are deemed to appeal to the same general market segment/user group from within the subject's subdivision. The sales cited are believed to be the most reliable indicators of the subject's market value which are currently available.

Indicated Value by Sales Comparison Approach $ 220,000

Indicated Value by: Sales Comparison Approach $ 220,000     Cost Approach (if developed) $ N/A     Income Approach (if developed) $ N/A

The Sales Comparison Analysis was given most weight because it reflects the actions of buyers and sellers in the current market. The Cost Approach was considered but not utilized due to an exterior-only inspection. The Income Approach was considered but not utilized as the subject is located in an area of primarily owner-occupied, single family residences.

This appraisal is made [X] "as is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, [ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or [ ] subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair: This appraisal is made "As-Is" with no conditions.

Based on a visual inspection of the exterior areas of the subject property from at least the street, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is
$ 220,000 , as of 5/19/09 , which is the date of inspection and the effective date of this appraisal.

NL - Exterior-Only 5/2007    This form may be reproduced unmodified without written permission, however, Bradford Technologies, Inc. must be acknowledged and credited.
ClickFORMS Appraisal Software 800-622-8727    Page 2 of 13

## Exterior-Only Inspection Residential Appraisal Report

File No. 17634810061

See below for document/instrument #'s, days on the market and MLS #'s for all comparable sales:

| Comp 1: | 090210-01342 | 141 +/- | MLS #853324 |
| Comp 2: | 090325-03902 | 90 +/- | MLS #885376 |
| Comp 3: | 090515-04009 | 40 +/- | MLS #910548 |

### ADDITIONAL COMMENTS

It is noted that County Assessor records incorrectly indicate that the subject's contruction year is 2006; however, the subject structure was actually constructed in 2005 and sold as a new construction home sale on November 18, 2005.

Adjustments made in the Sales Comparison Analysis are based on analysis of MLS information, County Assessor records, observations from the street, conversations with professionals (Realtors and licensed real estate appraisers) active in the local real estate market, the appraiser's general and local market experience, and extraction. Assessments for the adjustments include a visual inspection from not only the front of the comparable sales, but also to the sides and rear of the comparable sales to the extent possible by observation from the street, adjacent streets and nearby side streets.

Location, Site and View adjustments (if any) are based the appraiser's general and local market experience, extraction, conversations with professionals (Realtors and licensed real estate appraisers) active in the local real estate market, observations from the street, and analysis of MLS records and County Assessor records. The adjustments are not based solely on square footage but rather on each site's estimated site value, reflecting current and previous analyses of value patterns, land sales and development costs in the neighborhood, after consideration of all known items of dissimilarity including size, view amenities (if applicable), configuration/utility, street orientations, street improvements, and location within the subject's general neighborhood and immediate setting (general development in proximity to the sale cited).

Intended users of this appraisal report include the owner(s), the bankruptcy attorney(s), the bankruptcy judge(s) and the bankruptcy court(s).

The appraiser applied the definition of market value by utilizing sales in the which the buyer and seller are typically motivated and are well informed or well advised, allowing a reasonable exposure time in the open market, with payment made in terms of cash in U.S. dollars and without special or creative financing or sales concessions granted by anyone associated with the sale; the definition of market value applied is sourced from the 2008-2009 Edition of USPAP.

### COST APPROACH TO VALUE (if applicable)

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value) N/A

ESTIMATED [ ] REPRODUCTION OR [ ] REPLACEMENT COST NEW
Source of cost data
Quality rating from cost service        Effective date of cost data
Comments on Cost Approach (gross living area calculations, depreciation, etc.)
N/A

| OPINION OF SITE VALUE | | =$ |
| --- | --- | --- |
| Dwelling | Sq. Ft. @ $ | =$ |
| | Sq. Ft. @ $ | =$ |
| Garage/Carport | Sq. Ft. @ $ | =$ |
| Total Estimate of Cost-new | | =$ |
| Less    Physical   Functional   External | | |
| Depreciation | | =$ ( ) |
| Depreciated Cost of Improvements | | =$ |
| "As-is" Value of Site Improvements | | =$ |
| Estimated Remaining Economic Life (HUD and VA only)   Years | Indicated Value By Cost Approach | =$ |

### INCOME APPROACH TO VALUE (if applicable)

Estimated Monthly Market Rent $ _____ X Gross Multiplier _____ =$ _____  N/A  Indicated Value by Income Approach
Summary of Income (including support for market rent and GRM) N/A

### PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowner's Association (HOA)? [ ] Yes [X] No   Unit type(s) [X] Detached  [ ] Attached
Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.
Legal Name of Project
Total number of phases _____ Total number of units _____ Total number of units sold _____
Total number of units rented _____ Total number of units for sale _____ Data source _____
Was the project created by the conversion of existing building(s) into a PUD? [ ] Yes [ ] No  If Yes, date of conversion.
Does the project contain any multi-dwelling units? [ ] Yes [ ] No  Data source.
Are the units, common elements, and recreation facilities complete? [ ] Yes [ ] No  If No, describe the status of completion.

Are the common elements leased to or by the Homeowner's Association? [ ] Yes [ ] No  If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

File No. 17634810061

This appraisal report is subject to the scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a visual inspection of the exterior areas of the subject property from at least the street, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

The appraiser must be able to obtain adequate information about the physical characteristics (including, but not limited to, condition, room count, gross living area, etc.) of the subject property from the exterior-only inspection and reliable public and/or private sources to perform this appraisal. The appraiser should use the same type of data sources that he or she uses for comparable sales such as, but not limited to, multiple listing services, tax and assessment records, prior inspections, appraisal files, information provided by the property owner, etc.

**DEFINITION MARKET VALUE:** As per Fannie Mae the definition of market value is the most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

3. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

5. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

6. The subject was inspected via an exterior-only inspection from the street, physical observations from the street, information in County Assessor records and information in MLS records (if available) with no physical inspection of neither the interior of the subject's structure nor a complete physical inspection of the exterior of the subject's structure and rear portion of the subject's site and rear and side yards.

File No. 17634810061

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a visual inspection of the exterior areas of the subject property from at least the street. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

File No. 17634810061

20. I identified the client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

21. I am aware that any disclosure or distribution of this appraisal report by me or the client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

22. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

23. The Cost Approach to value was considered but not utilized due to an exterior-only physical inspection of the subject property, resulting in insufficient information available to the appraiser to provide an accurate and meaningful approach to value.

24. The Income Approach to value was considered but not utilized as the subject is owner-occupied and located in an area of primarily owner-occupied, single family residences, with typical home buyers within the subject's neighborhood purchasing homes as owner-occupied, single family residences.

25. The subject was inspected via an exterior-only inspection from the street, physical observations from the street, information in County Assessor records and information in MLS records (if available) with no physical inspection of neither the interior of the subject's structure nor a complete physical inspection of the exterior of the subject's structure and rear portion of the subject's site and rear and side yards.

## SUPERVISORY APPRAISER'S CERTIFICATION: The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

**APPRAISER**
Signature: [signed]
Name: Scott L. Huizenga
Company Name: Scott L. Huizenga
Company Address: 3268 Shadow Bluff Avenue
Las Vegas, NV 89120
Telephone Number: 702-735-5952
Email Address: Scotthuizenga@lvcoxmail.com
Date of Signature and Report: 5/26/09
Effective Date of Appraisal: 5/19/09
State Certification #: A.0000783-CR
or State License #:
or Other (describe):                  State #:
State: NV
Expiration Date of Certification or License: 9/30/10

ADDRESS OF PROPERTY APPRAISED
6953 Grand Junction Avenue
Las Vegas, NV 89179

APPRAISED VALUE OF SUBJECT PROPERTY $ 220,000
CLIENT
Name: Randolph H. Goldberg, Esq., P.C.
Company Name:
Company Address: 4000 S. Eastern Avenue, Suite 200
Las Vegas, NV 89119
Email Address: randolphgoldberg@yahoo.com

**SUPERVISORY APPRAISER (ONLY IF REQUIRED)**
Signature:
Name:
Company Name:
Company Address:
Telephone Number:
Email Address:
Date of Signature:
State Certification #:
or State License #:
State:
Expiration Date of Certification or License:

SUBJECT PROPERTY
☐ Did not inspect exterior of subject property
☐ Did inspect exterior of subject property from street
Date of Inspection

COMPARABLE SALES
☐ Did not inspect exterior of comparable sales from street
☐ Did inspect exterior of comparable sales from street
Date of Inspection

## SUBJECT PHOTO ADDENDUM

Borrower ROSENSTEIN  
Property Address 6953 Grand Junction Avenue  
City Las Vegas   County Clark   State NV   Zip Code 89179  
Lender/Client Randolph H. Goldberg, Esq., P.C   Address 4000 S. Eastern Avenue, Suite 200, Las Vegas, NV 89119  
File No. 17634810061



**FRONT VIEW OF SUBJECT PROPERTY**



**STREET VIEW OF SUBJECT PROPERTY**

## COMPARABLES 1-2-3

| | |
|---|---|
| Borrower ROSENSTEIN | File No. 17634810061 |
| Property Address 6953 Grand Junction Avenue | |
| City Las Vegas   County Clark   State NV   Zip Code 89179 | |
| Lender/Client Randolph H. Goldberg, Esq., P.C.   Address 4000 S. Eastern Avenue, Suite 200, Las Vegas, NV 89119 | |



**COMPARABLE SALE #  1**
11140 Hickory Glen Street
Las Vegas, NV 89179



**COMPARABLE SALE #  2**
7178 Los Banderos Avenue
Las Vegas, NV 89179



**COMPARABLE SALE #  3**
10945 Cherokee Landing St.
Las Vegas, NV 89179

ClickFORMS Appraisal Software 800-622-8727

Page 8 of 13

## ASSESSOR RECORD

| | | | |
|---|---|---|---|
| Borrower | ROSENSTEIN | | File No. 17634810061 |
| Property Address | 6953 Grand Junction Avenue | | |
| City Las Vegas | County Clark | State NV | Zip Code 89179 |
| Lender/Client | Randolph H. Goldberg, Esq., P.C. | Address 4000 S. Eastern Avenue, Suite 200, Las Vegas, NV 89119 | |

### CLARK COUNTY PROPERTY

| | | |
|---|---|---|
| Parcel # | 176-34-810-061 | |
| | Address | 6953 GRAND JUNCTION AVE |
| TN-RG-SE | 22-60.0-34 | PropCity LAS VEGAS |
| Tot Value | $117,031 | Tax Dist ENTRPRS-ARTSN-FR-911 |
| GEO Id | PT S2 SE4 22-60.0-34 | Land Use 1100000001/SFR |
| Zip Cd | 89179-1201 | |
| ReAssd | 2008 | |
| Update | 04/30/09 | |
| Status | | |

#### ASSESSOR DESCRIPTION

| | | |
|---|---|---|
| File-Page | PB 0122-0057 | |
| Assr Lot | 679 | Subdivision / CHACO CANYON AT MOUNTAINS EDGE |
| Assr Apt | | Phase |
| | Parcel | Bldg Unit |
| Assr Desc | CHACO CANYON AT MOUNTAINS EDGE- UNIT 1(8) PLAT BOOK 122 PAGE 57 LOT 679 | Area Tract Outlot |

#### OWNER & DOC INFORMATION

| | | | | |
|---|---|---|---|---|
| Owner Name | ROSENSTEIN CRAIG A & AUDREY L | ETAL N | DOC DATE 11/18/05 | DOC NUMBER 2005111806388 | DV MUL 0 |
| 2nd Owner | | | 06/04/04 | 2004060403712 | N 0 |
| Address (S) | 6953/ GRAND JUNCTION/ AV | | | |
| City | LAS VEGAS | State NV | Zip Code 89179-1201 | |
| Prev Owner | K B HOME NEVADA INC | | | |
| Own Phone | | Tenant Phone | | |

#### LAND & BUILDING INFORMATION

| | | | | | | |
|---|---|---|---|---|---|---|
| Land Value | $35000 | | | | Nuisance | |
| Front/Depth | | Irregular | | Adj Parking | St Lights | |
| Acres | 0.11 | Undrg Unt | | Rec Area | Curb Gutr | |
| Lot Sqft | 4792 | Str Paved | | Sidewalks | Traffic | |
| Topography | | View | | | Landscaping | |
| Schools | | | | Metro Map 83-B6 | Area | 505 |
| Shopping | | Act Yr Blt | 2008 | Carpet 80 % | Tot Rooms | 8 |
| Impr Value | $82,031 | Eff Yr Blt | 2008 | Ceramic Tl 5 % | Bedrooms | 4 |
| Type Struc | 2 STORY | Const Class | | Vinyl Tle 15 % | Bathrooms | 2.50 |
| Architect | | Units | | Hardwood | Family Rms | 2 |
| Ext Wall | FRM STUCCO | Home Auto | | Cenvac N | Formal Dn | N |
| Roof Matl | CONC TILE | Security | Y | Bl Refrig N | Fireplaces | |
| Flooring | CONC | Intercom | N | Bl Micro N | Garbg Dspo | |
| Heat System | FORCE AIR | Range Fan | | Trash Cmpt N | Dishwasher | |
| Air Cond | CENT COOL | Range Oven | | | | |
| Cent Air | | | | | | |

#### PROPERTY SUB AREAS SQ-FT

| | | | | | | |
|---|---|---|---|---|---|---|
| LivingArea | 2956 | First Fl | 1307 | Porch 1 | 98 | |
| Building 1 | 3387 | Second Fl | 1651 | Porch 2 | 205 | Garage 429 |
| Total Bldg | 3387 | Adv Sectard | | Porch 3 | | Carport |
| Pool (N) | | Basement F | | Paving 1 1/400 | Storage | |
| Fence | | Basement U | | Paving 2 | Deck | |

#### EXTRA FEATURE INFORMATION

| | | | | | | |
|---|---|---|---|---|---|---|
| Pool Heatr | N | Tennis Cb | | Prch/Patio 6/6 | Sprinklrf MINI | |
| Jacuz/Sep) | N | Tns Lights | N | Prch Cover 5/5 | SprnklrR | |
| Deck | NONE | Tns Fence | N | Prch Deck 1/1 | Other | |
| Fence | | Orn | | | | |

#### SALES & LOAN INFORMATION

| | PRICE | DATE | TYPE | RT Oth | DT |
|---|---|---|---|---|---|
| M/S Sale | | | | | |
| County 1 | $459,060 | 11/01/05 | R/RECORDED VALUE | | |
| County 2 | | | | | |
| County 3 | | | | | |

| | TOTAL TAX | TOTAL ASSD | LOAN AMOUNT $367264 | LENDER 0170 | TYPE C | INT | TITLE 3743 |
|---|---|---|---|---|---|---|---|
| Curr | $3326.53 | $117,031 | IMPRV | LAND | PERS PROP | | EXEMPTION |
| Prev | $3787.42 | $58,000 | $82,831 | $35,000 | | YEAR 2009 | |
| T Rate | 2.9260 | Tot Sa bar | $8,945 | $58,000 | PP Cables | 2008 | |
| Delinq | | Transfer/R | | | Deeded/R | | |

INFORMATION DEEMED RELIABLE, BUT NOT GUARANTEED

05/18/09   04:20 PM

PLAT MAP

Borrower ROSENSTEIN
Property Address 6953 Grand Junction Avenue
City Las Vegas   County Clark   State NV   Zip Code 89179
Lender/Client Randolph H. Goldberg, Esq., P.C.   Address 4000 S. Eastern Avenue, Suite 200, Las Vegas, NV 89119
File No. 17634810061



ClickFORMS Appraisal Software 800-622-8727    Page 10 of 13

## LOCATION MAP ADDENDUM

| | |
|---|---|
| Borrower ROSENSTEIN | File No. 17634810061 |
| Property Address 6953 Grand Junction Avenue | |
| City Las Vegas   County Clark   State NV   Zip Code 89179 | |
| Lender/Client Randolph H. Goldberg, Esq., P.C.   Address 4000 S. Eastern Avenue, Suite 200, Las Vegas, NV 89119 | |



ClickFORMS Appraisal Software 800-622-8727        Page 11 of 13

**FLOOD MAP ADDENDUM**

| | |
|---|---|
| Borrower ROSENSTEIN | File No. 17634810061 |
| Property Address 6953 Grand Junction Avenue | |
| City Las Vegas    County Clark    State NV    Zip Code 89179 | |
| Lender/Client Randolph H. Goldberg, Esq., P.C.    Address 4000 S. Eastern Avenue, Suite 200, Las Vegas, NV 89119 | |



**Flood Map Legends**

Flood Zones
- Areas inundated by 500-year flooding
- Areas outside of the 100 and 500 year flood plains
- Areas inundated by 100-year flooding
- Areas inundated by 100-year flooding with velocity hazard
- Floodway areas
- Floodway areas with velocity hazard
- Areas of undetermined but possible flood hazard
- Areas not mapped on any published FIRM

**Flood Zone Determination**

SFHA (Flood Zone): Out
Within 250 ft. of multiple flood zone? No
Community: 320003
Community Name: UNINCORPORATED AREA
Zone: X    Panel: 32003C 2925D    Panel Date: 12/04/2007
FIPS Code: 32003    Census Tract: 0058.16

This Flood Report is for the sole benefit of the Customer that ordered and paid for this Report and is based on the property information provided by the customer. That customer's use of this report is subject to the terms agreed by that customer when accessing this product. No third party is authorized to use or rely on this report for any purpose. NEITHER FIRST AMERICAN FLOOD DATA SERVICES NOR THE SELLER OF THIS REPORT MAKES ANY REPRESENTATIONS OR WARRANTIES TO ANY PARTY CONCERNING THE CONTENT ACCURACY OR COMPLETENESS OF THIS REPORT INCLUDING ANY WARRANTY OR MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. Neither FAFDS nor the seller of this Report shall have any liability to any third party for any use or misuse of this Report.

ClickFORMS Appraisal Software 800-622-8727

Page 12 of 13

# RESUME

Borrower ROSENSTEIN
Property Address 6953 Grand Junction Avenue
City Las Vegas    County Clark    State NV
Lender/Client Randolph H. Goldberg, Esq., P.C.    Address 4000 S. Eastern Avenue, Suite 200, Las Vegas, NV 89119
File No. 17634810061
Zip Code 89179

Scott L. Huizenga
3268 Shadow Bluff Avenue
Las Vegas, Nevada 89120

**License:**
State of Nevada Department of Commerce
Certified Residential Appraiser, Certificate #A.0000783-CR, Issued 10/02/08, Expires 9/30/10. Primary market is Clark County, Nevada, encompassing Las Vegas, North Las Vegas, Henderson, Boulder City, Red Rock Canyon, Blue Diamond, Mountain Springs, Mt. Charleston, Logandale, Overton/Moapa, Mesquite, Laughlin, Searchlight, Indian Springs and Sandy Valley; and Pahrump in Nye County, Nevada.

**Experience:**
Independent Fee Appraiser and Consultant, from 10/95 to the present
Partner, MESA Appraisal, from 3/93 to 9/95
Independent fee appraiser with Collins E. Butler & Associates from 3/93 to 7/93
Independent fee appraiser with Decker & Associates from 4/90 to 6/93

**Education:**
University of Nevada, Las Vegas
Bachelor of Science, Business/Administration
Major in Accounting, 1981

**Real Estate Courses:**
Appraisal Institute professional education credit:
- Real Estate Appraising Principles
- Basic Valuation Procedures
- Residential Valuation
- Capitalization Theory & Techniques, Part A
- Capitalization Theory & Techniques, Part B
- Valuation Analysis and Report Writing
- Case Studies in Real Estate Valuation
- Standards of Professional Practice, Part A
- Standards of Professional Practice, Part B

Appraising related, continuing education credit:
- Fair Lending & The Appraiser-Fair Lending & Institutional Affiliated Parties
- Practical Overview of Evaluations and Other Limited Scope Assignments
- Appraisal Regulations, Standards & Ethics
- Real Estate Auctions
- Uniform Standards of Professional Appraisal Practice (USPAP), Update and Review
- The 29th Annual Litigation Seminar

University of Nevada, Las Vegas courses:
- Principles of Real Estate
- Real Estate Law

**Professional Affiliations:**
Five Star Appraisers